| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Gillman, Bruton & Capone, LLC<br>770 Amboy Avenue<br>Edison, NJ 08837<br>(732) 661-1664<br>Attorney for Debtor<br>By: Justin M. Gillman, Esq. | |
| In Re:<br><br>Michael Klapkin<br>Susan Klapkin<br><br>                Debtors | Case No.: 18-22055<br><br>Judge:    Christine M. Gravelle<br><br>Chapter:  13<br><br>Hearing Date: May 20, 2020 |

## RESPONSE TO TRUSTEE'S LIMITED OBJECTION TO FEE APPLICATION

Justin Gillman, Esq., Gillman, Bruton & Capone, LLC ("Applicant"), submits the following in response to the Trustee's Limited Objection to the Fee Application (Docket No. 51), regarding Applicant's Chapter 13 Debtor's Attorney Fee Application (Docket No. 50).

1. The Trustee objects to:

a. "Any & all time spent on the issue of social security income. The trustee only asked for the income to be disclosed and it was never intended that SSI was to be included in disposable income.

b. Time spent on the Memorandum indicating that social security income does not have to be disclosed was not necessary and no attorney fees should be awarded regarding the certification.

c. It appears that the time entry for "12/10/28" and any other time related to

this issue should not be allowed. The fee should be reduced by that amount upon a supplemental certification by the attorney as to that time and any other time related to that issue.

2. The Petition in this case was filed on June 14, 2018. The Trustee filed an Objection to Confirmation on July 20, 2018 (Docket No. 15) which included objections to the Debtor's proposed disposable income as well as expenses.

3. A Confirmation Hearing was scheduled for October 17, 2018. In advance, the Debtor filed a Certification (Docket No. 21) in response to the Trustee Objection. The Confirmation Hearing was further adjourned to December 19, 2018.

4. At that time, the Trustee continued to object to the debtor's disposable income calculations and proposed surplus income in the Plan.

5. As a result, as indicated in the supporting invoice, on December 10, 2018, I drafted a Memorandum of Law to address the issues of disposable income to clarify that the calculations of the disposable income cannot include social security income. At the time, the Trustee had not withdrawn its objection to the Plan.

6. On December 14, 2018, the Debtor filed a Modified Plan (Docket No. 22), Amended Schedules I&J (Docket No. 23), and a further Certification of the Debtor in Support of the Plan (Docket No. 24).

7. The Confirmation Hearing was again adjourned to February 20, 2019.

8. On February 15, 2019, five (5) days before the hearing, the Trustee filed a further Objection to the Modified Plan.

9. At that time, on February 15, 2019, my office filed the Memorandum of Law. The filing was to ensure the Debtor's rights to confirm the Plan were fully prosecuted

and to avoid further delay in the case. In communications with the Trustee through the disposition list, I advised the Trustee that our position was that all issues of "disposable income" were resolved and any "objections as to expenses are moot as the husband's income is through social security".

10. The Chapter 13 Trustee required the parties to appear for the hearing on February 20, 2019, as the Trustee marked the hearing as "Resolve or Hold" and sought dismissal of the case for failure to confirm the Plan and resolve the Trustee objection.

11. The draft of the Memorandum of Law and submission was for the benefit of the Debtor and ultimately lead to the confirmation of the Plan.

12. As to the time expended, the invoice reflects 1.20 hours @ $375.00 per hour. This time and rate and commensurate with attorneys of similar experience and quality as our office.

13. Therefore, I respectfully request that the Court enter the submitted Order for Allowance of Fees which was submitted in support of the Application and that the Trustee's limited objection be overruled.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: April 21, 2020                                  /s/ Justin M. Gillman
                                                              Justin M. Gillman